NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 3 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NAPOLEON HERNANDEZ GALLARDO, Petitioner, v. LORETTA E. LYNCH, Attorney General, Respondent. | No. 14-72417 Agency No. A094-313-498 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016**

Before: SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Napoleon Hernandez Gallardo, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. §1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Hernandez Gallardo claims he suffered past persecution and fears future persecution based on his father's former political activities. We do not address Hernandez Gallardo's claim that he is a member of a cognizable social group because he never presented it to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (court lacks jurisdiction to review claims not raised to the agency).

Substantial evidence supports the BIA's conclusion that, even if Hernandez Gallardo was credible, he failed to establish he suffered past persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir. 2003) (unfulfilled threats constituted harassment rather than persecution); *see Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (petitioner did not establish harm to associates was part of 'a pattern of persecution closely tied to' petitioner) (citation omitted). Substantial evidence also supports the BIA's conclusion that Hernandez Gallardo failed to establish a well-founded fear of future persecution in El Salvador. *See*

2                                                                          14-72417

*Santos-Lemus v. Mukasey*, 542 F.3d 738, 743-44 (9th Cir. 2008) (family members remaining unharmed undermined applicant's well-founded fear of persecution based on family membership), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc). Thus, Hernandez Gallardo's asylum claim fails.

Because Hernandez Gallardo failed to establish eligibility for asylum, his withholding of removal claim necessarily fails. *See Zehatye,* 453 F.3d at 1190.

Finally, substantial evidence also supports the BIA's denial of CAT relief because Hernandez Gallardo failed to show it is more likely than not that he would be tortured by the government of El Salvador, or with its consent or acquiescence. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034-35 (9th Cir. 2014).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**